**HUA YING ZHU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–0875–ag.

United States Court of Appeals, Second Circuit.

Dec. 13, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Lin Li, Associate, Law Office of Fengling Liu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa M. Arnold, Senior Litigation Counsel; Erica B. Miles, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Hua Ying Zhu, a citizen of the People's Republic of China, seeks review of a February 23, 2007 order of the BIA affirming the July 28, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Ying Zhu*, No. A97 329 466 (B.I.A. Feb. 23, 2007), *aff'g* No. A97 329 466 (Immig. Ct. N.Y. City Jul. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v.*

*Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc).

We conclude that the IJ's adverse credibility finding is supported by substantial evidence. "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony . . . a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted). In this case, the IJ found Zhu's testimony to be both inconsistent and improbable.

First, the IJ noted inconsistencies between Zhu's testimony and the Department of State report she submitted describing the Chinese government's crackdown on Falun Gong. Despite this crackdown, Zhu alleged that she sold Falun Gong books for three years, that neither she nor anyone else she knew selling Falun Gong books had a problem with Chinese authorities prior to the closing of her store, and that the woman who was working in her bookstore when the Chinese government officials closed it down was not arrested, interrogated, or harmed in any way.

We have warned the agency "not to place excessive reliance on published reports of the Department of State." *Tian–*

*Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004). Here, however, the IJ did not "place excessive reliance" on the Department of State report, as the inconsistency findings formed only a part of her adverse credibility finding. Further, because there was such a stark contrast between Zhu's testimony and the information provided in the reports, the inconsistency was "substantial." *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003) (distinguishing minor from substantial inconsistencies). Finally, the inconsistency went to the heart of the claim inasmuch as it casts doubt on Zhu's claim that she sold Falun Gong books in her store. *Id.*

Additionally, the IJ based her adverse credibility determination on the inherent implausibility of Zhu's testimony. We have held that, while an adverse credibility determination may be based on the inherent implausibility of particular allegations, a finding of implausibility must not be based on bald speculation or flawed reasoning. *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 110–111 (2d Cir. 2006). Here, the IJ reasonably found it implausible, given Zhu's allegations, and the information in the State Department reports, about the Chinese crackdown on Falun Gong, that: (1) a book company would come to Zhu's store and openly take orders for Falun Gong books; and (2) that Zhu's acquaintance who called to warn her that the authorities planned to close her store would need to show the police where her store was when it was registered with the government.

Furthermore, we accord particular deference to the trier of fact's judgments regarding an applicant's demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ impugned Zhu's testimony as "hesitant and unresponsive" and "riddled with inaccuracies and inconsistencies," particularly with respect to whether an arrest warrant was outstanding against her and the events following the alleged closing of her bookstore. Moreover, as the IJ noted, Zhu's questionable testimony on these points called into question her claim that the authorities would persecute her upon her return.

Together, the inconsistencies the IJ identified in the record, her findings regarding the implausibility of Zhu's testimony, and her assessment of Zhu's demeanor provided ample support for the adverse credibility finding. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). As such, the IJ properly denied Zhu's application for asylum.

Inasmuch as Zhu based her claim for withholding of removal and CAT relief on the same evidence she used to substantiate her asylum claim, and the IJ properly found that this evidence lacked credibility, Zhu's challenge to the denial of that relief necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.